UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRISON LEGAL NEWS, a project of: other Human Rights Defense Center,

               Plaintiff-Appellee,

  v.

CHARLES L. RYAN, in his official capacity as Director of the Arizona Department of Corrections and in his individual capacity; GAIL RITTENHOUSE, in her official capacity as Division Director, Support Services of the Arizona Department of Corrections and in her individual capacity; JEFF HOOD, in his official capacity as Deputy Director of the Arizona Department of Corrections and in his individual capacity; ALF OLSON, in his official capacity as an employee of the Office of Publication Review of the Arizona Department of Corrections and in his individual capacity; JAMES RIGGS, in his official capacity as an employee of the Office of Publication Review of the Arizona Department of Corrections and his individual capacity; JAMIE GUZMAN, in her official capacity as an employee of the Office of Publication Review of the Arizona Department of Corrections,

               Defendants-Appellants,

  and

UNKNOWN PARTIES, named as: Does 1 to 20 (inclusive),

               Defendant.

No.   19-17449

D.C. No. 2:15-cv-02245-ROS
District of Arizona,
Phoenix

ORDER

Before: Lisa B. Fitzgerald, Appellate Commissioner.

## I. Introduction

Under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988(b), the court awarded attorneys' fees to appellee Prison Legal News (PLN). The court referred to the appellate commissioner the determination of an appropriate fee amount. PLN requests $278,487.50 in fees for 409.3 hours of work by San Francisco law firm Rosen Bien Galvan & Grunfeld LLP (RBGG):

| Timekeeper | Position | Admitted | Rate | Hours | Fees |
|---|---|---|---|---|---|
| **Merits** | | | | | |
| Sanford Jay Rosen | Partner | 1962 | $1,350 | 13.2 | $ 17,820.00 |
| Lisa Ells | Partner | 2006 | $ 850 | 121.7 | $103,445.00 |
| Amy Xu | Associate | 2016 | $ 575 | 148.0 | $ 85,100.00 |
| Karen Stilber | Paralegal | N/A | $ 400 | 38.6 | $ 15,440.00 |
| Subtotal | | | | 321.5 | $221,805.00 |
| **Fees** | | | | | |
| Sanford Jay Rosen | Partner | 1962 | $ 850 | 36.9 | $ 31,365.00 |
| Lisa Ells | Partner | 2006 | $ 850 | 5.6 | $ 4,760.00 |
| Amy Xu | Associate | 2016 | $ 575 | 42.5 | $ 24,437.50 |
| Karen Stilber | Paralegal | N/A | $ 400 | 2.8 | $ 1,120.00 |
| Write-off | | | | | ($ 5,000.00) |
| Subtotal | | | | 87.8 | $ 56,682.50 |
| Total | | | | 409.3 | $278,487.50 |

Fees in the amount of $208,865.62 are awarded.

19-17449

## II. Discussion

A. Reasonable Hourly Rates

1. Relevant Community

PLN argues that the relevant community for determining market rates is San Francisco; appellants Arizona Department of Corrections officials (the Department) argue that the relevant community is Phoenix. San Francisco is the relevant community because PLN has shown that competent Phoenix counsel was not available to represent PLN on appeal. *See Gates v. Deukmejian*, 987 F.2d 1392, 1404-06 (9th Cir. 1992) (concluding that a district court did not abuse its discretion in awarding the Rosen firm's San Francisco rates on the ground that Sacramento attorneys with adequate expertise were unavailable); *see also Melendres v. Arpaio*, No. 13-16285, 2017 WL 10808812, at *3-4 (9th Cir. Mar. 2, 2017) (district court and appellate court awarded out-of-forum rates where counsel contacted many local firms that were unwilling to take the case).

PLN submitted evidence that it tried to find Arizona lawyers willing and able to handle the appeal and were unsuccessful. *See* PLN Appl., Wright Decl., Docket Entry No. 66-5, at 8-9. Several law firms had conflicts of interest; other firms or organizations lacked the capacity. *See id*. Lawyers in the Phoenix office of Ballard Spahr LLP served as local counsel but were not willing to fill the role of lead counsel. *See* PLN Appl., Bodney Decl., Docket Entry No. 66-6, at 2-3 ("[I]t

would have been considerably more time consuming and less cost-efficient for me and my colleagues or in-house counsel to have taken over the role of briefing and arguing the appeal and preparing the fee motion than for RBGG to handle this appeal.")

2. Applicable Rates

The Department does not challenge PLN's showing that the requested rates are in line with San Francisco prevailing market rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (rate is reasonable if in line with prevailing market rates). The Department also does not challenge PLN's request to award 2022 rates for work performed in 2019-2022 to account for delay in payment. *See Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989) (approving use of current rather than historic rates to account for delay in payment). The requested 2022 San Francisco rates are reasonable and are awarded.

Rosen and fee expert Richard M. Pearl state that the requested rates are in line with prevailing market rates. *See* PLN Appl., Rosen Decl., Docket Entry No. 66-3, at 15; PLN Appl., Pearl Decl., Docket Entry No. 66-7, at 12, 16-17. The requested rates are in fact the Rosen firm's 2022 billing rates and courts have approved 2021 San Francisco rates of $1,250 for Rosen, $775 for Ells, $485 for Xu, and $375 for paralegal Stilber. *See* Rosen Decl., Docket Entry No. 66-3, at 15-17; *Andrews v. Equinox Holdings, Inc.*, 570 F. Supp. 3d 803, 807-08 (N.D. Cal.

19-17449

2021); *Armstrong v. Newsom*, No. 4:94-cv-02307-CW, Docket Entry No. 3283, at 6 (N.D. Cal. June 22, 2021) (Stipulated Order Exh. A). Rosen also states that he exercised billing judgment to reduce his rate to Ells's rate for the fee work he did when she was unavailable. *See* Rosen Decl., Docket Entry No. 66-3, at 21.

B. Reasonably Expended Hours

1. Limited Success

The Department is correct that PLN should not recover full fees because it was only partially successful in defending against the appeal. A prevailing party may recover fees for work on an unsuccessful claim only if that claim is related to the successful claim and the party won substantial relief overall. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Any fee award must be reasonable in relation to the results obtained. *See id.*

Even if PLN's successful and unsuccessful challenges to Order 914's prohibition on inmates receiving sexually explicit material were related, PLN did not win substantial relief overall. This court "conclude[d] that most of the order's relevant provisions are facially constitutional under the First Amendment and that most of the as-applied challenges lack merit." *PLN v. Ryan*, 39 F.4th 1121, 1126 (9th Cir. 2022).

This court interpreted the Order's definition of sexually explicit material to include only graphic depictions of nudity or sex acts and not mere mentions of sex.

Based on this narrow reading of the Order, this court reversed in part the district court's determination that the Order was facially unconstitutional. *See id*. at 1130, 1132, 1135. This court agreed that the Order was facially unconstitutional only as to the portion of section 1.2.17 prohibiting content that may cause arousal or be suggestive of sex. Consequently, this court affirmed in part the district court's ruling on the facial challenge and severed the unconstitutional provision. *See id*. at 1133-34. PLN also achieved mixed results on its as-applied challenges. Of the four redactions the district court concluded were improper, this court affirmed as to one, vacated and remanded as to one, and reversed as to the remaining two. *See id.* at 1136-38.

PLN's assertion in the fee reply that it won substantial additional relief in the district court on grounds not appealed by the Department factors into the award of district court fees not PLN's degree of success on appeal.

2. Appropriate Award

The court has discretion to eliminate specific hours or simply reduce the award to account for limited success. *See Hensley*, 461 U.S. at 436. PLN states that it was not possible for its attorneys to segregate their hours by argument and thus PLN cannot separately identify time spent on unsuccessful arguments. *See id*. at 435. PLN proposes at most a 10-percent reduction to account for limited success. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)

19-17449

(permitting a 10-percent reduction as an exercise of discretion). The Department does not specify an amount by which fees should be reduced.

PLN's attorneys report that after careful review they made billing judgment reductions of $97,467.55 in fees, or about 25 percent of the total fees billed, for administrative work, time billed by non-core team members, some fee work, and time that was inefficient or unduly duplicative. *See* PLN Appl., Docket Entry No. 66-1, at 2; Ells Decl., Docket Entry No. 66-4, at 16-17. To arrive at an award that is reasonable in relation to the results obtained, a further 25-percent reduction is appropriate here. *See Hensley*, 461 U.S. at 440. The facts and legal theories on appeal are too intertwined to apportion fees based on success or failure on particular issues. *See id*. at 438. PLN's unsuccessful facial challenge to the Order in general overlaps in large part with PLN's successful facial challenge to a portion of section 1.2.17. Similarly, PLN's as-applied challenges to the four redactions were presented as one, with the exception of analyzing the individual text.

PLN reasonably spent the resulting $208,865.62 in fees on the work performed in relation to the result obtained. The Department does not challenge the reasonableness of PLN's requested hours on any ground other than limited success. PLN's attorneys prepared an answering brief, supplemental excerpts of record, and the fee motion, as well as a mediation statement, motions to extend time, a motion

19-17449

to transmit exhibit, responses to argument notices, and a citation of supplemental authorities. Lead counsel also presented oral argument in San Francisco.

## III. Conclusion

Under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988(b), attorneys' fees in the amount of $208,865.62 are awarded in favor of appellee Prison Legal News. *See* 9th Cir. R. 39-1.9. This order amends the court's mandate.